Henderson, Judge,
 

 delivered the opinion of the Court:
 

 This must be either a contract of sale or mortgage ; it cannot be both, nor can it be one without possessing all its essential requisites. The attempt, therefore, to throw on the mortagee the risk of the life of the negro, after a particular period, and when it was a mortgage, was vain. It is true it is a circumstance to show it was not a mortgage.; but it is of no avail, allowing it to be one. For it is impossible that a thing shall be and not be at the same time. Assuming this to be a mortgage, as it unquestionably is, the risk nf the slave’s life was with Shepperd as long as the contract continued a mortgage; that is, as long as the slave was redeemable.
 

 The principal question in this case is, whether the equity of redemption be lost; and we are relieved from the decision of the point pressed upon the Court, that in tills
 
 *221
 
 country tlie time of redemption should be shortened, from the policy of our laws in quieting claims at law within a shorter period than is required in England : For we consider the transaction of 1805, a few months before this bill was filed, as a complete recognition of its being then an existing mortgage. The time is to be computed from the last period at which the parties treated the transaction as a mortgage. Here the Defendant, Murdock, offered to surrender the slave, if the mortgage money and interest should be paid to him, and the hire given up. This is acknowledging the tenure by which lie held
 
 him;
 
 that he had never foreclosed the equity of redemption, and that Shep-perd had never released or abandoned it. In an action at law, where the statute of limitations were relied on, it would have taken the case out of the statute, although ho demanded an exemption from the hire. For as the law requires not an express promise for the creation of a duty, but raises the promise wherever there is,a sufficient legal consideration, so it will keep that promise alive whore there is an acknowledgment of a sufficient subsisting, unsatisfied consideration. As if a man were to say, that
 
 eí
 
 I purchased
 
 “
 
 a horse of you twenty years ago, for which I agreed to
 
 “
 
 give one hundred
 
 pounds;
 
 but I have never paid
 
 “
 
 you, and I never will, and I shall rely on the statute of
 
 “
 
 limitations.” There can be no doubt but that this would take the case out of the statute of limitations, contrary to his express declaration. So Murdock refusing to deliver up the negro upon, the
 
 usual terms
 
 of redemption, yet acknowledging enough to shew that it was an unsatisfied mortgage, shall be compelled to surrender up the mortgaged property upon the usual
 
 trams;
 
 nor can it avail him any thing, that he declared that he offered those terms to buy his peace, by way of compromise. Things exist independent of their names : their names are only to point out or designate them. The thing is not altered by its name : Call it as you please, it remains the same thing still. If from the nature of the thing it afford no evidence
 
 *222
 
 0f the debt or duty, if the sole object in making it was to avo*d labour or expense, not from a belief of loss in the thing itself, then of course it can weigh nothing $ because it confesses nothing, and if it be
 
 taken
 
 as the
 
 confession
 
 or acknowledgment of the party, and taken altogether, there is no debt or duty acknowledged. But if from the nature of the offer, confession or acknowledgment, call it what you will, the tribunal which decides the fact, perceives in it an acknowledgment of the debt or duty, that weight is to be given to it which is afforded to all other evidence, notwithstanding the party, at the time of making it, attempt to give it a name which he thinks will make it weigh nothing. In'this case, there cannot be a doubt that the party misnamed it, in saying his only object was to buy his peace. His object was, to liquidate a claim from which he had serious apprehensions. It must, therefore, bo considered as a recognition of the mortgage.
 

 This may be called a hard case, because Shepperd lay by so long. But Murdock might have hastened him, by calling upon him in a Court of Equity, to redeem or to be foreclosed. Shepperd may, therefore, redeem upon paying the principal and interest due on the mortgage, up to the time of
 
 redemption;
 
 for his exorbitant demand for hire, discharged the virtue of the tender in 1805. Murdock must account for a moderate hire up to the same period, and be allowed for all expenditures made on the slave, of every description, and for loss of time. The Court would make Shepperd pay the costs, were it not for the precedent — Each party must pay his own costs.